# DISTRICT COURT OF GUAM

ARTHUR T. TAITANO,

    Plaintiff,

vs.

JOSE SALAS, SOLEDAD CHARGUALAF, KENNETH C. BOARDMAN, CONNIE DUENAS, RICARDO GUERRERO, MICHELLE TAITANO, GIL QUINATA, JOSE B. PALACIOS, GUAM BOARD OF PAROLE AND MIKE NISPEROS,

    Defendants.

Civil Case No. 10-00007

**OPINION AND ORDER RE: CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 AND 1331 'BIVENS' DEMAND FOR JURY TRIAL**

This matter comes before the court on Motions to Dismiss filed by the Defendants on March 3, 2011. *See* Docket Nos. 17 and 20. To date, the Plaintiff Arthur T. Taitano ("the Plaintiff"), who is proceeding *pro se* in this matter, has not filed an opposition. After reviewing the record and submissions, as well as relevant statutes and authority, the court hereby **GRANTS** the motions to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a Superior Court of Guam proceeding, the Plaintiff was charged with aggravated murder and possession and use of a deadly weapon in the commission of a felony. After a jury trial, he was convicted and judgment was entered on April 22, 1986. The Plaintiff appealed to the District Court of Guam Appellate Division, which affirmed on July 16, 1987. He then appealed to the Ninth Circuit, which affirmed the Appellate Division decision on June 14, 1988.

On September 18, 2008, the Plaintiff filed a Petition for Writ of Habeas Corpus in the Superior Court of Guam. *See* Docket No. 18, Exh.A. He argued that he was denied his constitutional right to a fair hearing before the Guam Parole Board ("Parole Board") in 2005, 2006, 2007 and 2008. *See id.* Apparently, Guam Public Defender Mike Nisperos ("Defendant Nisperos") was appointed to represent the Plaintiff in the habeas corpus action. *See* Docket No. 18, Exh. C. A parole eligibility hearing was held on June 12, 2009, and the Plaintiff appeared via videoconference. *See* Docket No. 18, Exh. F. On October 15, 2009, the Superior Court issued a final judgment on the Plaintiff's habeas corpus petition.[1] Docket No. 18, Exh. G.

The instant action was initiated by the Plaintiff's "Civil Rights Complaint Under 42 U.S.C. 1983 and § 1331 'Bivens' demand for Jury Trial" filed on April 19, 2010. *See* Docket Nos. 2, 3 and 4. He named as Defendants the Parole Board and its members Jose Salas, Soledad Chargualaf, Kenneth C. Boardman, Connie Duenas and Michelle Taitano (collectively "Parole Board members"). Other defendants include certain persons the Plaintiff erroneously identified as Parole Board members: former Department of Corrections ("DOC") Director Jose B. Palacios, Parole Officer Ricardo Leon Guerrero and DOC Social Worker Gil Quinata (collectively "non-Parole Board Defendants"). The Plaintiff also named Nisperos as a defendant.

The Plaintiff argues that he was denied his due process and equal protection rights under the 4th, 6th and 14th Amendments. He also argues that the defendants retaliated against him in violation of his 1st Amendment rights, and that there is a "civil and criminal conspiracy" among the defendants to deny him a fair parole hearing. *See* Docket No. 4. The claims arise from the

---

[1] The Judgment stated in its entirety:

Petitioner Taitano having filed a petition for habeas corpus claiming he was being denied due process at his parole hearing, and the court being satisfied petitioner was afforded due process at his court-ordered June 12, 2009 video-conferenced parole hearing, his petition is dismissed and final judgment is hereby entered to that effect.

Docket No. 18, Exh. G.

Parole Board's denial of his parole on five separate occasions. He also argues that Parole Board Chairperson Jose Salas is "prejudice[d]" against him because he refused to recognize the Plaintiff's completion of the Education Treatment Program. *See* Docket No. 2. The Plaintiff also contends Nisperos violated his rights by failing to be present at the Plaintiff's parole hearing on June 12, 2009.

The Plaintiff sued the named defendants in their official and personal capacities, and the Parole Board in its official capacity. *See* Docket No. 4, p. 6. He seeks an award of $6.7 million in total damages.[2] Docket No. 4.

The Plaintiff requested and was granted permission to proceed in forma pauperis. *See* Docket Nos. 5 and 6. In February and March 2011, the U.S. Marshal effected service on the Defendants.

The Office of the Attorney General ("AG's Office"), on behalf of the Parole Board, Parole Board members and non-Parole Board Defendants, filed a motion to dismiss on March 3, 2011. *See* Docket No. 20. Nisperos also filed a motion to dismiss on this day. *See* Docket No. 17. These motions were served on the Plaintiff by U.S. mail, but to date, the Plaintiff has not filed any response.

**II. ANALYSIS**

The AG's Office raises several arguments to support dismissal of the action: that the Plaintiff fails to state a claim for relief because the Parole Board is not a "person" within the meaning of § 1983; that individual Parole Board members are protected by absolute immunity; that the Plaintiff fails to allege facts to support his argument that his equal protection rights were

---

[2] The Plaintiff asks for consequential damages of $1,000,000 and:
- compensatory damages of $500,000 from each named defendant
- "irreparable" damages of $1,000,000 from each named defendant
- actual damages of $500,000 from each named defendant
- continuing damages of $2,000,000 from each named defendant
- future damages of $1,000,000 from each named defendant
- general damages of $200,000 from each named defendant
- special damages of $500,000 from each named defendant

violated and that he does not have a constitutionally protected interest in parole that implicates his due process rights. *See* Docket No. 21. Finally, the AG's Office argues that the suit cannot survive against the non-Parole Board Defendants.

Defendant Nisperos argues dismissal is proper because he was not acting under the color of law as contemplated by § 1983 when he was appointed to represent the Plaintiff in his post-conviction habeas corpus action. *See* Docket No. 18. He also argues that his representation was limited to the habeas corpus action, and did not extend to representing the Plaintiff before the Parole Board.

### A. Claims against the Parole Board and Parole Board members

The Plaintiff brought suit under 42 U.S.C. § 1983.[3] *See* Docket No. 2. Therefore, he "must allege facts which show a deprivation of a right, privilege, or immunity secured by the Constitution or federal law by a person acting under color of the laws of any state or territory." *Bermudez v. Duenas*, 936 F.2d 1064 (9th Cir. 1991).

The U.S. Supreme Court holding in *Ngiraingas v. Sanchez*, 495 U.S. 182 (1990), however, makes clear that the Plaintiff's arguments as to the Parole Board and Parole Board members cannot succeed. The Court concluded in *Ngiraingas* that "Congress did not intend to include Territories as persons who would be liable under § 1983." *Id.* at 192. "We hold that neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983." *Id.*

In this case, Guam law establishes the Parole Board as part of the Government of Guam: "There is in the Executive Branch of the government of Guam, a Guam Parole Board, hereinafter referred to as the Board, consisting of seven (7) members appointed by *I Maga'lahi* [the

---

[3] 42 U.S.C. § 1983 states in relevant part:

Every person who, under color of any statute . . . of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Governor], by and with the advice and consent of *I Liheslatura* [the Legislature]." 9 G.C.A. § 85.10. Therefore, the Parole Board and Parole Board members acting in their official capacities are not "persons who would be liable under § 1983." *Ngiraingas*, 495 U.S. at 192.

This precise situation was previously addressed by the Ninth Circuit in *Bermudez v. Duenas*, 936 F.2d 1064 (9th Cir. 1991), where an inmate convicted under Guam law filed a § 1983 case against members of the Board, his DOC social worker and other DOC officials. The Ninth Circuit affirmed the dismissal of the § 1983 action, stating that "the district court properly dismissed the action against the defendants acting in their official capacities for failure to state a claim." *Id.* at 1066.

Furthermore, the Plaintiff's claims against the Parole Board members in their individual capacities cannot succeed, because "parole board officials are entitled to absolute immunity from liability for damages for their actions taken when processing parole applications." *Id.*; *see also Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (holding that Parole Board officials "are entitled to absolute quasi-judicial immunity for decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges") (quotation marks and citation omitted).

Based on the foregoing, it is clear that the Plaintiff's § 1983 action must be dismissed as against the Parole Board and Parole Board members.

**B.     Claims against non-Parole Board members**

The Plaintiff's claims as to Defendants Palacios, Leon Guerrero and Quinata must also be dismissed as failing to state a claim for relief. These defendants were erroneously identified by the Plaintiff as Parole Board members. *See* Docket Nos. 3 and 4. Palacios was the former DOC director, Leon Guerrero is a Parole Officer; and Quinata is a DOC Social Worker.[4] The AG's Office argues that, as to these defendants, the case must be dismissed.

"The plaintiff must allege with at least some degree of particularity overt acts which

---

[4] The court takes judicial notice that Defendants Palacios, Leon Guerrero and Quinata were not members of the Parole Board. *See* Fed. R. Evid. 201.

defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir.1984) (internal quotation omitted). Each allegation against these defendants in the Plaintiff's Complaint is based on the erroneous presumption that they were Parole Board members. They were not Parole Board members, and their actions or inactions did not have any relation to the Parole Board's ultimate decision to deny the Plaintiff parole. The Plaintiff's Complaint simply present conclusory allegations, and fails to allege any facts to support a claim against these defendants. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Therefore, the Plaintiff's § 1983 action must be dismissed as against Defendants Palacios, Leon Guerrero and Quinata.

**C.     Claims against Defendant Nisperos**

The Plaintiff's Complaint also raises claims against Nisperos, who was appointed to represent the Plaintiff in his habeas corpus action in the Superior Court of Guam. *See* Docket No. 18, Exhs. A and C.

The Plaintiff contends that if Nisperos had been present at the June 12, 2009 parole hearing, there would have been a "positive determination" by the Parole Board as to the Plaintiff's eligibility for parole. Docket No. 4. Nisperos's appointment was apparently limited to representing the Plaintiff in the habeas corpus action, and Nisperos was able to ensure the Plaintiff appeared at the June 12, 2009 parole board hearing via videoconference. His representation of the Plaintiff did not extend to the parole hearing, and to the extent that the Plaintiff argues that Nisperos was required to represent him at the parole hearing, this argument lacks merit. "[T]here is not a federal constitutional right to counsel in a parole suitability hearing." *Honesto v. Schwarzenegger*, No. 1:10–cv–01177–GBC (PC), 2011 WL 2414411, *3 (E.D. Cal. June 10, 2011) (slip copy).

Furthermore, the court must dismiss the claims against Nisperos because he cannot be considered a "state actor" under § 1983. The Ninth Circuit has held that public defenders are not

state actors within the meaning of § 1983 when performing traditional lawyer duties. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (relying on *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

The court is persuaded by the District of Nevada's decision in *Williams v. Farwell*, No. No. 3:06-CV-0316-ECR-RAM, 2008 WL 686263, *2 (D. Nev. March 7, 2008) (unreported), where the plaintiff had filed a § 1983 action against the federal public defenders who were appointed to represent him in his federal habeas petition. The Nevada District Court rejected the plaintiff's claim, and held that when public defenders act in their role as advocates, they do not act under color of law for purposes of § 1983.

Here, the court finds that Nisperos was not a "state actor" and did not act "under color of law" as contemplated by § 1983. Therefore, the action against Nisperos must be dismissed.

### D. Futility of granting leave to amend the complaint

The Plaintiff is an inmate and proceeding *pro se* in this matter, and therefore, his complaint must be construed liberally. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Moreover, leave to amend should be granted, even if no request to amend the pleading was made. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

However, a *pro se* inmate's ability to amend his or her complaint is not completely unqualified. "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "A district court does not err in denying leave to amend where the amendment would be futile." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

As discussed above, the claims against each of the Defendants lack merit. Therefore, even if the court allowed the Plaintiff to amend his complaint, any amendment would be futile.

## III. CONCLUSION

Accordingly, the court hereby orders that the motions are **GRANTED** without leave to amend. *See* Docket Nos. 17 and 20. The case is dismissed, and the Clerk's Office is directed to issue a judgment in accordance with this Order.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    **Chief Judge**
**Dated: Jun 28, 2011**